## WEST NEWBURY.

Where a meeting was held, for the election, at the same time, of governor, lieutenant-governor and senators, representative in congress, and representative in the general court; and three separate boxes properly labelled were provided for the reception of the votes; it was held, that a ballot marked for " representative to congress," and describing the candidate therefor, as an inhabitant of another town, found in the box appropriated to the votes for representative in the general court, could not be counted to make up the whole number of votes given for the latter.

THE election of Benjamin Edwards, returned a member from the town of West Newbury, was controverted by A. W. Noyes and others, on the ground, that he did not receive a majority of the votes given in at the balloting, at which he was declared to be elected. The committee on elections reported thereon as follows :—

" At a hearing of the parties in the above case before the committee, the petitioners produced a copy of the record of the doings of said town of West Newbury, at the town-meeting, held on the 11th of November last; so far as it related to the choice of a representative to the general court, which is as follows :—

' Votes for representative to general court, as given in, November 11, 1850. Town of West Newbury. Whole number of ballots, 246,—necessary to a choice 124 votes. No one having that number, the chairman declared there was no choice. A call was made,—" How does the vote stand?" The chairman reported as follows :—Benjamin Edwards has 123 votes; John Moody, 81; Daniel Nichols, 25; James H. Duncan, 3; Thomas J. Chipman, 2; Alpheus R. Brown, of Lowell has 1.

[1] 73 J. H. 320.

' Moses Stiles, Moses Smith, J. C. Carr, Samuel Rogers, Jr., Samuel C. Noyes, Edward Knight, Stephen Brown, Jr., D. Robinson, B. P. Poor, John Carr, and Eliphalet Emery had one vote each.

' Two of the above votes for James H. Duncan, read as follows: " Representative to Congress for district No. 3, James H. Duncan, of Haverhill."

' After some discussion in regard to the propriety of counting the votes for representative to congress, for a representative to the general court, on motion, it was voted, that Benjamin Edwards be declared elected representative to the legislature of Massachusetts for the ensuing year,—and that the whole facts as to the individuals voted for be sent up to said legislature.—104 to 48.'

And the committee found attached to the usual certificate of Mr. Edwards's election, which was certified by a majority of the selectmen of West Newbury, an attested copy of the record as above set forth.

It will be perceived, that if the two votes having thereon the name of James H. Duncan, of Haverhill, with the words ' Representative to Congress, for district No. 3,' preceding it, had been excluded, and not counted in the number of ballots cast for representative in the general court; then the whole number of ballots would have been 244 ; necessary for a choice 123,—and as Mr. Edwards had 123 votes, he would have been elected.

The whole question turns upon the point, whether the Duncan votes, described as aforesaid, should or should not have been included in the number of ballots given for representative in the general court.

It was proved, that at said November meeting, the town was balloting for governor, lieutenant-governor and senators ; for a representative in congress ; and for a representative in the general court, at the same time ; and there were three poll-boxes standing side by side upon the front of the desk, properly labelled, and designating the kind of votes to be deposited therein. The check list was called but once ; and each

voter was required to deposit his vote for each of the above officers, at the same time, in the respective boxes, labelled as aforesaid. It was also proved, that there was no person, known as a resident of West Newbury, by the name of James H. Duncan. It was also proved, that in the poll-box, labelled for representative in congress, there was found, when the ballots deposited therein were counted, one vote in writing with merely the name of Benjamin Edwards thereon,—that all the votes cast for Mr. Edwards were in writing,—and all the votes cast for James H. Duncan, were printed.

No evidence was offered to prove that there was any error or mistake in depositing ballots in the wrong box; other than results from the foregoing statement.

The committee have been desirous, in the examination of this case, to follow the spirit of the statute of this commonwealth, regulating elections, and to ascertain from the foregoing facts the whole number of persons, who voted at said election for representative to the general court. Did those two persons, who put in the two votes for James H. Duncan, as above described, intend to vote for him as a representative in the general court? If they did so intend, then most certainly they ought to be counted as such, and Mr. Edwards was not legally elected. But if that was not their intention,— and the depositing of said votes was under a mistake, and unintentionally,—then we shall not get at the true number of persons voting for a representative in the general court, by counting the whole number of separate ballots given in and found in that box.

A person, to secure his election, must have a majority of the whole number of ballots given in at the election. And at a choice of representative in the general court, no person is elected unless he has a majority of all the ballots given for that office.

A majority of your committee are of opinion, from all the circumstances in this case, that the two votes cast for James H. Duncan, as aforesaid, were not intended by those who carried them to be votes for a representative in the general court;

that they got into the representative box by mistake; and that they ought not to have been included in the whole number of ballots given in at the election of a representative in the general court.

Consequently, they are of opinion, that Mr. Edwards had a majority of the whole number of ballots given in at the election of a representative in the general court; and that he was legally chosen as such representative; that the selectmen did right in giving him a certificate of his election; and that he is legally entitled to retain his seat in this house."

The report was agreed to.[1]